UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: **07-80138**

SAMIRA SULLIVAN, on her own
behalf and others similarly situated,

**CIV - PAINE**

Plaintiff,

MAGISTRATE JUDGE
JOHNSON

v.

LANA MARKS LTD, INC.., a Florida
corporation, and LANA J. MARKS,
individually.



Defendants.

_____/

## COMPLAINT

1. Plaintiff, SAMIRA SULLIVAN, (hereinafter referred to as "Plaintiff"), was an employee of Defendants, LANA MARKS LTD, INC., a Florida corporation, LANA J. MARKS, individually, (hereinafter referred to collectively as the "Defendants") and brings this action on behalf of herself and other employees and former employees of Defendants similarly situated to her for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b). Plaintiff performed work as a inside sales person and related activities in Palm Beach County, Florida.

2. LANA MARKS LTD, INC., is a Florida corporation that owns and operates a business in Palm Beach County, Florida and within the jurisdiction of this Court.

3. At all times material hereto LANA J. MARKS was and is a resident of the State of Florida, who owned and/or operated LANA MARKS LTD, INC., and who regularly exercised the authority to hire and fire employees, determined the work schedules of employees, set the rate pay of employees, and controlled the finances and operations of LANA MARKS LTD, INC. By virtue of such control and authority, LANA J. MARKS is an employer of Plaintiff as such term is defined by the FLSA. 29 U.S.C. §201 et seq.

4. This action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. §216 (b) (the Act).

5. Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b). At all times pertinent to this Complaint, LANA MARKS LTD, INC., was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s). Based upon information and belief, the annual gross sales volume of LANA MARKS LTD, INC., was in excess of $500,000.00 per annum at all times material hereto. Additionally, Plaintiff was individually engaged in interstate commerce and her work was essential to Defendants' business.

6. The additional persons who may become Plaintiffs in this action are the hourly employees who worked in excess of forty (40) hours during one or more work weeks on or after February 2004, but who did not receive time and a half for such overtime hours worked.

7. At all time pertinent to this Complaint, Defendants failed to comply with 29 U.S.C. §201-209, in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants for which no provisions were made by the Defendants to properly pay Plaintiff (and the other employees similarly situated) for those hours worked in excess of forty within a work week.

8. In the course of employment with Defendants, Plaintiff and other similarly situated employees were not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) hours per work week during one or more work weeks.

9. The records, if any, concerning the number of hours actually worked by Plaintiff and all other similarly situated employees and the compensation actually paid to such employees should be in the possession and custody of Defendants.

10. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

### COUNT I

### RECOVERY OF OVERTIME COMPENSATION

11. Plaintiff readopts and realleges all allegations contained in Paragraphs 1 through 10 above.

12. Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) hours per work week. All similarly situated employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

13. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (Plaintiff and those similarly situated to her) have suffered damages plus incurring costs and reasonable attorney's fees.

14. As a result of Defendants' willful violation of the Act, all Plaintiffs (Plaintiff and those similarly situated to her) are entitled to liquidated damages.

15. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, SAMIRA SULLIVAN, and those similarly situated to her who have or will opt into this action, demand judgment against Defendants, LANA MARKS LTD, INC., and LANA J. MARKS, jointly and severally, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

Dated: February 8, 2007
Boca Raton, Florida

Respectfully submitted,

Stacey H. Cohen (Fla Bar No. 0956791)
E-mail: scohen@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Highway, suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
Attorneys for Plaintiff

**JS 44** (Rev. 11/05)

# CIVIL COVER SHEET

07-80138

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
SAMIRA SULLIVAN, on her own behalf and others similarly situated

## DEFENDANTS
LANA MARKS LTD, INC., a Florida corporation, and LANA J. MARKS, individually,

**CIV - PAINE**

**(b)** County of Residence of First Listed Plaintiff: Palm Beach County
County of Residence of First Listed Defendant: Palm Beach County

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
SHAVITZ LAW GROUP, P.A., 1515 South Federal Highway, Suite 404, Boca Raton, FL 33432, (561) 447-8888

**MAGISTRATE JUDGE JOHNSON**

9:07CV80138 JCP/LRJ

**(d)** Check County Where Action Arose: ☒ PALM BEACH

## II. BASIS OF JURISDICTION
☒ 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

## IV. NATURE OF SUIT
☒ 710 Fair Labor Standards Act

FILED by ___ D.C.
INTAKE
FEB 13 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. L.

## V. ORIGIN
☒ 1 Original Proceeding

## VI. RELATED/RE-FILED CASE(S).
a) Re-filed Case ☒ NO    b) Related Cases ☒ NO

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

29 USC 216(b) Action For Unpaid Overtime Wages

LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
JURY DEMAND: ☒ Yes   ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE: February 12, 2007

FOR OFFICE USE ONLY
AMOUNT 350.00   RECEIPT # 539381