UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:07-cv-80138-DMM (Middlebrooks/Johnson)

SAMIRA SULLIVAN, on her own
behalf and others similarly situated,

       Plaintiff,

v.

LANA MARKS LTD, INC.,
a Florida corporation, and
LANA J. MARKS, individually,

       Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

COME NOW the Defendants, LANA MARKS LTD, INC., a Florida corporation, and LANA J. MARKS, individually (hereinafter collectively referred to as "Defendants"), by and through their undersigned counsel, and hereby file their Answer and Affirmative Defenses, as follows:

Defendants deny each and every allegation of the Plaintiff's Complaint not expressly or otherwise admitted below. Defendants also specifically reserve the right to assert any additional affirmative defenses in matters of avoidance that may be disclosed during the course of additional investigation and discovery. Defendants' Answer to each of the specifically enumerated paragraphs of the Plaintiff's Complaint is as follows:

1. With regard to Paragraph 1 of the Plaintiff's Complaint, Defendants admit that Plaintiff purports to bring this action on her own behalf and others similarly situated, but deny that there are any individuals similarly situated to Plaintiff for purposes of opting in to

1

this litigation and/or who desire to opt in. Further, to the extent not expressly admitted otherwise, Defendants deny each and every other allegation, inference and legal conclusion contained in Paragraph 1 of the Plaintiff's Complaint and demand strict proof thereof.

2. With regard to Paragraph 2 of the Plaintiff's Complaint, Defendants admit that the corporate Defendant does business in Palm Beach County, Florida, and is within the jurisdiction of this Court. Further, to the extent not expressly admitted otherwise, Defendants deny each and every other allegation, inference and legal conclusion contained in Paragraph 2 of the Plaintiff's Complaint and demand strict proof thereof.

3. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 3 of the Plaintiff's Complaint and demand strict proof thereof.

4. With regard to Paragraph 4 of the Plaintiff's Complaint, Defendants state that it is an averment to which no responsive pleading is necessary. Further, Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 4 of the Plaintiff's Complaint and demand strict proof thereof.

5. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 5 of the Plaintiff's Complaint and demand strict proof thereof.

6. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 6 of the Plaintiff's Complaint and demand strict proof thereof. Further, Defendants deny that there exist any other similarly situated individuals and/or that any other similarly situated individuals desire to opt-in to this action and demand strict proof thereof.

7. Defendants deny the allegations, inferences and legal conclusions contained in

Paragraph 7 of the Plaintiff's Complaint and demand strict proof thereof. Further, Defendants deny that there exist any other similarly situated individuals and/or that any other similarly situated individuals desire to opt-in to this action and demand strict proof thereof.

8. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 8 of the Plaintiff's Complaint and demand strict proof thereof. Further, Defendants deny that there exist any other similarly situated individuals and/or that any other similarly situated individuals desire to opt-in to this action and demand strict proof thereof.

9. Defendants admit that the corporate Defendant is in possession, custody and control of time and pay records relating to the Plaintiff's employment. Further, Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 9 of the Plaintiff's Complaint and demand strict proof thereof. Still further, Defendants deny that there exist any other similarly situated individuals and/or that any other similarly situated individuals desire to opt-in to this action and demand strict proof thereof.

10. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 10 of the Plaintiff's Complaint and demand strict proof thereof.

11. With regard to Paragraph 11 of the Plaintiff's Complaint, Defendants restate, reallege and incorporate herein each and every response to Plaintiff's Complaint contained in Paragraphs 1-10 above.

12. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 12 of the Plaintiff's Complaint and demand strict proof thereof. Further,

        Defendants deny that there exist any other similarly situated individuals and/or that any other similarly situated individuals desire to opt-in to this action and demand strict proof thereof.

13. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 13 of the Plaintiff's Complaint and demand strict proof thereof. Further, Defendants deny that there exist any other similarly situated individuals and/or that any other similarly situated individuals desire to opt-in to this action and demand strict proof thereof.

14. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 14 of the Plaintiff's Complaint and demand strict proof thereof. Further, Defendants deny that there exist any other similarly situated individuals and/or that any other similarly situated individuals desire to opt-in to this action and demand strict proof thereof.

15. With regard to Paragraph 15 of the Plaintiff's Complaint, Defendants state that it is an averment to which no responsive pleading is necessary.

Defendants deny that Plaintiff or any other individual is entitled to any of the damages or relief sought in the WHEREFORE clause of Count I of the Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

16. As and for their First Affirmative Defense, and to the extent that Plaintiff attempts to bring this action on behalf of other similarly situated employees, Defendants state that there exist no similarly situated employees and/or no similarly situated employees desire to opt-in to this action.

17. As and for their Second Affirmative Defense, Defendants state that none of their

actions were "willful", as said term is defined by the Fair Labor Standards Act, regulations, and interpretive case law.

18. As and for their Third Affirmative Defense, Defendants state that the Plaintiff's claim for liquidated damages is barred because Defendants at all times material hereto acted in good faith and had reasonable grounds for believing that their policies and practices were not violations of the FLSA, as amended.

19. As and for their Fourth Affirmative Defense, Defendants state that all or part of the Plaintiff's claims are barred by the applicable statute of limitations.

20. As and for their Fifth Affirmative Defense, Defendants state that the Plaintiff's claims are barred by the estoppel provisions of the Portal-to-Portal Act, to the extent that Plaintiff purports to bring this action as a representative action.

21. As and for their Sixth Affirmative Defense, Defendants state that the Plaintiff's claims against MARKS in her individual capacity are barred because she is not an "employer" within the meaning of the Fair Labor Standards Act.

22. As and for their Seventh Affirmative Defense, Defendants state that the Plaintiff's claims are barred because Defendants at all times material hereto acted in good faith in conformity with and in reliance on written administrative regulations, order, rulings, approvals and/or interpretations of the Administrator of the Wage and Hour Division of the Department of Labor.

23. As and for their Eighth Affirmative Defense, Defendants state that the Plaintiff's claims are barred by the "de minimus" doctrine.

24. As and for their Ninth Affirmative Defense, Defendants state that the Plaintiff's claims are barred to the extent any hours worked by the Plaintiff over forty in any particular

workweek was without the knowledge, either actual or constructive, of the Defendants.

25. As and for their Tenth Affirmative Defense, Defendants state that the Plaintiff's claims are barred because she has been properly paid.

26. As and for their Eleventh Affirmative Defense, Defendants state that the Plaintiff's claims are barred in whole or in part by the exemptions, exclusions, and credits provided for under the FLSA and the regulations promulgated thereunder.

27. As and for their Twelfth Affirmative Defense, Defendants state that the Plaintiff's Complaint fails to state a claim upon which relief may be granted.

28. As and for their Thirteenth Affirmative Defense, Defendants state that the Plaintiff's Complaint is barred by section 207(i) of the Act.

29. As and for their Fourteenth Affirmative Defense, Defendants state that to the extent the Plaintiff obtains any recovery based on her FLSA claims, Plaintiff's claims for attorneys' fees and costs are barred based on the authority of *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162 (S.D. Fla. 2003).

30. As and for their Fifteenth Affirmative Defense, Defendants state that there is no enterprise or individual coverage.

31. As and for their Sixteenth Affirmative Defense, Defendants state that the Plaintiff's claims are barred because this Court lacks subject matter jurisdiction over this matter.

32. As and for their Seventeenth Affirmative Defense, Defendants state that to the extent Plaintiff is entitled to any overtime wages, she only is owed "half-time" for any hours worked in excess of forty (40) during any particular workweek.

33. As and for their Eighteenth Affirmative Defense, Defendants state that the Plaintiff's

claim has been brought in bad faith in violation of Rule 11, Federal Rules of Civil Procedure.

34. As and for their Nineteenth Affirmative Defense, Defendants state that the Plaintiff is estopped from bringing the claims at issue by virtue of her own conduct and actions.

35. As and for their Twentieth Affirmative Defense, Defendants state that the Plaintiff's claims are subject to a complete and/or partial setoff by virtue of the damage suffered by the Defendants as a result of the Plaintiff's breach of fiduciary duty of loyalty.

36. As and for their Twenty-First Affirmative Defense, Defendants state that the Plaintiff's claims are subject to a complete and/or partial setoff by virtue of the damage suffered by the Defendants as a result of the Plaintiff's defamation of the Defendants.

37. As and for their Twenty-Second Affirmative Defense, Defendants state that the Plaintiff's claims are subject to a complete and/or partial setoff by virtue of the damage suffered by the Defendants as a result of the Plaintiff's intentional interference with the Defendants' contracts and/or business relations.

38. As and for their Twenty-Third Affirmative Defense, Defendants state that Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

39. As and for their Twenty-Fourth Affirmative Defense, Defendants state that Plaintiff's claims are barred in whole or in part due to Plaintiff's failure to accurately record the number of hours she worked.

40. As and for their Twenty-Fifth Affirmative Defense, and to the extent Plaintiff is entitled to overtime wages under the FLSA and the regulations promulgated thereunder, Plaintiff's claims for overtime wages are barred in whole or in part due to Plaintiff improperly recording hours that she did not actually work, and Defendants are entitled

to a set-off for any such improperly recorded hours.

WHEREFORE, having fully answered the Plaintiff's Complaint, Defendants pray that this Honorable Court dismiss with prejudice Plaintiff's claims in full, tax costs against the Plaintiff and in favor of the Defendants, and reserve jurisdiction to consider a timely filed motion for attorneys' fees on the authority of *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541 (11th Cir. 1985).

Dated:   June 25, 2007                           Respectfully submitted,
         Boca Raton, FL

                                                 *s/ Daniel R. Levine*
                                                 DANIEL R. LEVINE, ESQ.
                                                 Fla. Bar No. 0057861
                                                 E-mail:  drlevine@sbwlawfirm.com
                                                 SHAPIRO, BLASI, WASSERMAN & GORA, P.A.
                                                 7777 Glades Road, Suite 400
                                                 Boca Raton, FL  33434
                                                 Telephone:   (561) 477-7800
                                                 Facsimile:    (561) 477-7722
                                                 Co-Counsel for Defendants

                                                 *s/ Craig B. Sherman*
                                                 CRAIG B. SHERMAN, ESQUIRE
                                                 Fla. Bar No. 189540
                                                 E-mail:  cbs@shermanlegal.com
                                                 DREW B. SHERMAN, ESQUIRE
                                                 Fla. Bar No. 0055794
                                                 E-mail:  dbs@shermanlegal.com
                                                 SHERMAN LAW OFFICES, CHARTERED
                                                 1000 Corporate Drive, Suite 310
                                                 Fort Lauderdale, Florida  33334
                                                 Telephone:  (954)  489-9500
                                                 Facsimile:   (954)  489-9531
                                                 Co-Counsel for Defendants

**Certificate of Service**

I hereby certify that on June 25, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF

*/s Daniel R. Levine*
DANIEL R. LEVINE, ESQ.

**SERVICE LIST**
SAMIRA SULLIVAN v. LANA MARKS LTD, INC. and LANA J. MARKS
Case No. 9:07-cv-80138-DMM (Middlebrooks/Johnson)
United States District Court, Southern District of Florida

Stacey Hope Cohen, Esq.
E-Mail: scohen@shavitzlaw.com
Shavitz Law Group, P.A.
1515 S. Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
Counsel for Plaintiff

Daniel R. Levine, Esquire
E-Mail: drlevine@sbwlawfirm.com
Shapiro, Blasi, Wasserman & Gora, P.A.
7777 Glades Road, Suite 400
Boca Raton, FL 33434
Telephone: (561) 477-7800
Facsimile: (561) 477-7722
Co-Counsel for Defendants

Craig B. Sherman, Esquire
E-mail: cbs@shermanlegal.com
Drew B. Sherman, Esquire
E-mail: dbs@shermanlegal.com
Sherman Law Offices, Chartered
1000 Corporate Drive, Suite 310
Fort Lauderdale, Florida 33334
Telephone: (954) 489-9500
Facsimile: (954) 489-9531
Co-Counsel for Defendants