UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-80138-CIV-MIDDLEBROOKS/JOHNSON

SAMIRA SULLIVAN, on her own
behalf and others similarly situated,

Plaintiff,

v.

LANA MARKS LTD, INC., a Florida
corporation, and LANA J. MARKS,
individually.

Defendants.
_____/

**MOTION TO ENFORCE SETTLEMENT AGREEMENT
AND FOR ENTRY OF JUDGMENT FOR PLAINTIFFS**

Plaintiff, SAMIRA SULLIVAN and Opt-in Plaintiff, SUZANNE ST. CLAIRE (hereinafter collectively referred to as "Plaintiffs") by and through their undersigned attorneys and pursuant to the Federal Rules of Civil Procedure and Local Rules for the Southern District of Florida, requests the entry of an Order compelling Defendants, LANA MARKS LTD, INC. and LANA J. MARKS to comply with the Parties' Settlement Agreement and for the Entry of Judgment for Plaintiffs, and states:

1. On or about August 21, 2007, Plaintiff's current counsel, Frank McKeown, appeared and inquired about reaching a settlement in this matter quickly, as trial was set for the end of October.

2. The Parties negotiated with severe determination for days. See Exhibit A, Correspondences and emails between counsel.

1

3. Ultimately, the Parties reached a settlement agreement, on or about August 30, 2007. See Exhibit B, Settlement Agreement faxed to Defense Counsel at his Request; Exhibit C, Settlement Agreement executed by Plaintiff and Opt-In Plaintiff.

4. Plaintiff's counsel attempted to confirm the Agreement as drafted was acceptable, and that payment would be delivered by September 10, 2007, as agreed upon. The payment date was a material term for Plaintiffs, who would not have agreed to this Settlement absent that term. Exhibit D, Email Correspondence from Plaintiff's Counsel.

5. On September 10, 2007, Defense counsel confirmed that payment was in hand, but that he would not be releasing the check to Plaintiffs until his client executed the Settlement Agreement, which was already agreed upon. Exhibit E, Correspondence from Defense Counsel.

6. Plaintiff's counsel informed Defense counsel that payment was late and that Defendant was in breach of the Settlement Agreement already. Exhibit F, Email Correspondence from Plaintiff's Counsel.

7. Despite multiple attempts by telephone and in writing, Defendant's counsel was unwilling to release payment, and Defendant had still not executed the Agreement.

8. Finally, on Setpember 19, 2007, Plaintiff's counsel received a letter from Defense counsel insisting on a revision of the terms of the Agreement, which were not previously contemplated at the time of the Agreement. Plaintiffs would have agreed to the additional non-disparagement clause,

but for the unreasonable restriction of not contacting Defendant's customers in any capacity.  See Exhibit G, September 19 Correspondence from Defense Counsel.

9. Accordingly, the Defendants failed to pay any monies pursuant to the Agreement (which is a breach of a material term of the Agreement) and have failed to execute the Agreement as negotiated, which has prevented filing a Motion for Approval of Settlement with this Court.

10. Most notably, Defendants are now changing the material terms of the Agreement by adding further restrictions on Plaintiffs which were not contemplated by the Parties initially.

11. Pursuant to Local Rule 7.1 counsel for the Plaintiff certifies that she has contacted counsel for the Defendant in a good faith effort to resolve the issues raised by this Motion.  Counsel for the Plaintiff represents that the Defendants are not able to resolve the issues presented in the instant motion.

WHEREFORE, Plaintiff respectfully requests this Honorable Court either enter an Order compelling Defendants to pay the amount owed per the Settlement Agreement, plus interest, and execution of the Agreement containing a mutual general release, or, in the alternative, enter a Judgment in favor of Plaintiffs in the amount of $20,000.00 owed, as well as an order awarding attorney's fees and costs for being compelled to bring this Motion.

**MEMORANDUM OF LAW**

**I.**

**THE SETTLEMENT AGREEMENT MUST BE ENFORCED
ACCORDING TO ITS TERMS**

District courts have the power to enforce settlement agreements reached in cases pending before them.  Ford v. Citizens & Southern National Bank, 928 F.d 1118, 1121 (11th Cir. 1991), (citing Cia Anon Venezolana de Navegacion v. Harris, 374 F.2d 33, 36 (5th Cir. 1967)); Mid-South Towing Company v. Har-Win, Inc., 733 F.2d 386, 389 (5th Cir. 1984).  As the Eleventh Circuit Court of Appeals held in Murchison v. Grand Cypress Hotel Corp., 13 F.3rd 1483, 1486 (11th Cir. 1994):

> A number of courts have recognized the authority of a trial court to summarily enforce a settlement agreement without an evidentiary hearing.

Courts favor settlement to conserve judicial resources.  Murchison v. Grand Cypress Hotel Corp., 13 F. 3d 1483, 1486 (11th Cir. 1994); see also, Bhadelia v. Marina Club of Tampa, HOA, Inc., 142 Fed. Appx. 399, 401 (11th Cir. 2005).  District courts have inherent authority to enforce settlement agreement in actions pending before them. South Beach Suncare, Inc. V. Sea & Ski Corp., 1999 U.S. Distr. Lexis 7902, *18  (S.D. Fla. 1999). The enforceability or validity of a settlement agreement is determined by federal law where the substantive rights in issue are derived from federal law.  Mid-South 733, F.2d at 38; Fulgence v. J. Ray McDermott & Co., 662 F.2d 1207 (5th Cir. 1981). Because the instant action is one arising under federal law, the Fair Labor Standards Act, the validity and enforceability of the Settlement Agreement is determined under federal law, not state law.  Id.  Once the Court determines a settlement agreement is valid, such as the Settlement Agreement herein, the court applies state contract law to interpret and

4

apply its terms. Wong v. Bailey, 752 F.2d 619, 621 (11th Cir. 1985). Therefore, the formation, construction and enforceability of a settlement agreement is governed by state contract law. Id. (citations omitted).

Because settlement agreements enjoy a favored status under the law, a settlement agreement generally is not subject to repudiation. Konica Minolta Photo Imaging, USA, Inc., v. Sonman, Inc., 2005 U.S. Distr. Lexis 19866, *9 (M.D. Fla. 2005); Murchison, 13 F.3d at 1486. **Settlements are enforceable even if the settlement agreement is not "signed, sealed and delivered."** Patrick v. Christian Radio, 745 So. 2d 578 (Fla. 5th DCA 1999). In addition, lack of communication between client and attorney does not vitiate the authority to settle. Javier v. Home Depot USA, Inc., 813 So. 2d 110 (Fla. 3d DCA 2002).

In Reed by and Through Reed v. United States, 891 F.2d 878, 880-81 (11th Cir. 1990), the Eleventh Circuit held:

> A settlement agreement is as conclusive of the rights between the parties as a judgment.

Since settlements are highly favored in this Circuit as a means to conserve judicial resources and maintain the intent of parties who, through negotiation, have reached a common end, see Murchison v. Grand Cypress Hotel Corp., 13 F.3d 1483 (11th Cir. 1994); Robbie v. City of Miami, 469 So. 2d 1384, 1385 (Fla. 1985), the agreement reached between the parties in this case may not be cast aside or re-written simply because Defendants would seemingly prefer to avoid their payment obligations. Thus, regardless of whether Defendants might now wish that their counsel had negotiated more specific, or more favorable terms of settlement—such as a longer period over which to make payments—it is never the role of a Court to rewrite a contract to make it more

reasonable for one of the parties or to relieve a party from what turns out to be a bargain which one party later regrets having made. Barakat v. Broward County Hous. Auth., 771 So.2d 1193, 1195 (Fla. 4th DCA 2000). It is a well-settled contract principle under Florida law that "unexpected difficulty, expense, or hardship does not excuse a party from performance of its obligations under a contract." Stuart M. Burger, RPT, P.A. v. Silverstein, Silverstein & Silverstein, P.A., 727 So. 2d 312 (Fla. 3d DCA 1999) (quoting Bumpy & Stimpson, Inc. v. Peninsula Utils. Corp., 169 So. 2d 499 (Fla. 3d DCA 1964)).

Thus, Defendants have no legal basis for repudiating the terms of the Settlement Agreement herein.

## II.

## **CONCLUSION**

Federal law strongly encourages the enforcement of settlement agreements and allows parties to dishonor their settlements only where fraud or mutual mistake is clearly established. For the reasons set forth herein, Defendants, LANA J MARKS, and LANA MARKS, LTD, INC., jointly and severally, should be compelled to comply with their obligations under the Settlement Agreement, within five (5) days of the date of the Court's Order on the Plaintiff's Motion, including such reasonable additional attorney's fees and costs incurred in bringing this Motion, or in the alternative, Judgment should be entered against Defendants in the amount of $20,000.00 plus interest, in addition to fees and costs awarded for bringing this Motion.

Dated: October 3, 2007  Respectfully submitted,
      Boca Raton, Florida

**s/STACEY H. COHEN**
Stacey H. Cohen (Fla Bar No. 0956791)
E-mail: scohen@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Hwy, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

    I hereby certify that on **October 3**, 2007 I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

**s/STACEY H. COHEN**
Stacey H. Cohen

**SERVICE LIST**
**Samira Sullivan v. Lana Marks LTD., INC.**
**CASE NO.: 07-80138-CIV- MIDDLEBROOKS/JOHNSON**
**United States District Court, Southern District of Florida**

Lana Marks, LTD, Inc.
Lana J. Marks, Individually
125 Worth Avenue, Suite 221
Palm Beach, FL 33480

Lana J. Marks, Individually
3140 S. Ocean Blvd # 305
Palm Beach, FL 33480