## Johanne Semexant

| | |
|---|---|
| **From:** | Johanne Semexant |
| **Sent:** | Wednesday, September 12, 2007 5:01 PM |
| **To:** | 'frankmckeown@j.ino.com' |
| **Cc:** | Stacey Cohen; Gregg Shavitz |
| **Subject:** | Sullivan v. Lana Marks |
| **Attachments:** | Sullivan-St.Claire Executed SA.pdf |

### *VIA E-MAIL, FACIMILE and U.S. MAIL*

Mr. McKeown:

Attached, please find a copy of the Settlement Agreement executed by Plaintiffs. The original Settlement Agreement will be forthcoming via U.S. Mail. Please have your client execute same and forward a copy for our records.

Should you have any questions, feel free to contact us.

Regards,

Johann L. Semexant
Paralegal to Gregg I. Shavitz, Esq.
Stacey H. Cohen, Esq.

Shavitz Law Group, P.A.
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
(561) 447-8888 - Tel
(561) 447-8831 - Fax
jsemexant@shavitzlaw.com
www.shavitzlaw.com



EXHIBIT C

9/12/2007



# SHAVITZ
## LAW GROUP, P.A.

1515 S. Federal Hwy, Suite 404 | Boca Raton, Florida 33432
www.shavitzlaw.com

## FACSIMILE TRANSMITTAL COVER SHEET

TO:                Frank James McKeown, Jr., Esq.

FAX NO.:           561-688-9985

IN RE:             Sullivan v. Lana Marks, et al.

FROM:              Gregg I. Shavitz, Esq. / Stacey H. Cohen, Esq.

NUMBER OF PAGES:   6 (Including transmittal coversheet)

DATE TRANSMITTED:  September 12, 2007

**PLEASE FIND A COPY OF MY E-MAIL DATED SEPTEMBER 12, 2007**

If you do not receive all of the pages, <u>please call back as soon as possible.</u>

The information contained in this transmission is privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, collect, and return the original message to us at the above address via the U.S.Postal Service. WE WILL REIMBURSE YOU FOR POSTAGE. Thank you.

TRANSMISSION VERIFICATION REPORT

TIME : 09/12/2007 17:09
NAME : SHAUITZ LAW
FAX : 561-447-8831
TEL : 561-447-8888
SER.# : BROK1J658797

| | |
|---|---|
| DATE,TIME | 09/12 17:08 |
| FAX NO./NAME | 15616889985 |
| DURATION | 00:01:51 |
| PAGE(S) | 06 |
| RESULT | OK |
| MODE | STANDARD<br>ECM |

IN RE: Sullivan v. Lana Marks, et al.

FROM: Gregg I. Shavitz, Esq. / Stacey H. Cohen, Esq.

NUMBER OF PAGES: 6 (Including transmittal coversheet)

DATE TRANSMITTED: September 12, 2007

**PLEASE FIND A COPY OF MY E-MAIL DATED SEPTEMBER 12, 2007**

**If you do not receive all of the pages, please call back as soon as possible.**

**The information contained in this transmission is privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, collect, and return the original message to us at the above address via the U.S.Postal Service. WE WILL REIMBURSE YOU FOR POSTAGE. Thank you.**

## SETTLEMENT AGREEMENT AND
## FULL AND FINAL MUTUAL RELEASE OF ALL CLAIMS

1.	This Agreement covers all understandings between SAMIRA SULLIVAN and SUZANNE ST. CLAIRE, (hereinafter referred to as "Plaintiffs") and LANA MARKS LTD, INC., a Florida corporation, LANA J. MARKS, individually, (hereinafter collectively referred to as "Defendants" a term which includes each and every officer, director, employee, agent, parent corporation or subsidiary, affiliate or division, its successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs).

2.	For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiffs agree as follows:

	A.	To settle any and all claims and actions of any nature whatsoever between Plaintiffs and Defendants, and release and forever discharge Defendants, and any and all of their officers, directors, employees, administrators, and successors, of and from all and any manner of actions, causes of actions, suits, rights to attorney fees, debts, claims and demands whatsoever in law or equity by reason of any matter, cause or thing whatsoever, from the beginning of the world to the effective date of this Agreement, and particularly, but without limitation of the foregoing general terms, by reason of any claims or actions arising from Plaintiffs' previous employment or separation from employment with Defendants, or related to the transactions or matters which are the subject matter of the lawsuit Case No.: 07-80138-CIV-MIDDLEBROOKS/JOHNSON pending in the United States District Court for the Southern District of Florida, including without limitation any claims arising from any alleged violation of any and all federal, state, or local laws, including the Employee Retirement Income Security Act of 1974, the Civil Rights Acts of 1866, 1871, 1964, and 1991, the Rehabilitation Act of 1973, the Fair Labor Standards Act, the Equal Pay Act of 1963, the Vietnam Era Veterans' Readjustment Assistance Act of 1974, the Occupational Safety and Health Act, the Immigration Reform and Control Act of 1986, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967, the Older Workers' Benefit Protection Act, and the Florida Civil Rights Act, and all other rights and claims under all other federal, state and local provisions and all other statutory and common law causes of action, and including any attorney's fees collectible by or owed to Plaintiffs, from the beginning of the world to the effective date of this Agreement.

	B.	To dismiss Case No.:07-80138-CIV-MIDDLEBROOKS/ JOHNSON, pending in the United States District Court for the Southern District of Florida, with prejudice.

C. To agree and acknowledge that this settlement is the compromise of a disputed claim and does not constitute an admission by Defendants of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiffs' rights or of any duty owed by Defendants to Plaintiffs.

D. That the below-referenced amount paid by Defendants represents a sum to which Plaintiffs would not be entitled absent this Agreement.

3. For and in consideration for the performance of the covenants of Plaintiffs in Paragraph 2 of this Agreement, Defendants agree to pay on or before September 10, 2007, the total amount of Twenty Thousand Dollars and No Cents ($20,000.00) payable to Shavitz Law Group, P.A. (Tax ID # 65-0969405).

4. In exchange for the consideration above, Defendants release Plaintiffs from any and all claims, charges, actions and causes of action of any kind or nature that Defendants once had or now has, whether arising out of Plaintiffs' employment, or otherwise, and whether such claims are now known or unknown to Defendants from the beginning of the world to the date of payment, per paragraph No. 3 above, including but not limited to Defendants' Verified Set-Off and Counterclaim, Case No.: 07-80138-CIV-MIDDLEBROOKS/JOHNSON, filed on July 6, 2007, Docket Entry No. 27. Such is the general release from Defendants to Plaintiff.

5. Defendants agree not to disclose the existence or contents of this Agreement to any prospective employer of either Plaintiff. If Defendants are contacted by any prospective or current employer of either Plaintiff, it may confirm dates of employment only, and job position, but shall not make any disparaging remarks about or against Plaintiffs, or one of them.

6. The Plaintiffs acknowledge that maintaining the Defendants' good reputation in the community is of paramount importance to the Defendants. Accordingly, the Plaintiffs agree that they will not disparage or encourage or induce others to disparage the Defendants by any type of communication, whether verbally, in writing, through gesture or other non-verbal means, or otherwise.

7. In the event that Plaintiffs, or one of them, or Defendants commence an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorney's fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

8. Plaintiffs and Defendants agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

9. This Agreement supersedes all prior agreements and understandings between Plaintiff and Defendants. No cancellation, modification, amendment, deletion, addition, or other changes in the Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiffs and an authorized representative of Defendants.

10. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement and all other valid provisions shall survive and continue to bind the parties.

11. This Agreement may be executed in counterparts, which when taken together shall constitute a binding agreement. A copy or facsimile of this Agreement shall be fully binding upon the parties.

12. The law governing this Agreement shall be that of the United States and the State of Florida. In the event of any dispute concerning this Agreement the prevailing party shall be entitled to recover from the non-prevailing party its attorney's fees and costs.

DATE: 9/6/07          Signature: _____
                                 SAMIRA SULLIVAN

DATE:_____        Signature:_____
                                 SUZANNE ST. CLAIRE

DATE:_____        Signature:_____
                                 Authorized Representative of
                                 LANA MARKS LTD., INC.

8. Plaintiffs and Defendants agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

9. This Agreement supersedes all prior agreements and understandings between Plaintiff and Defendants. No cancellation, modification, amendment, deletion, addition, or other changes in the Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiffs and an authorized representative of Defendants.

10. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement and all other valid provisions shall survive and continue to bind the parties.

11. This Agreement may be executed in counterparts, which when taken together shall constitute a binding agreement. A copy or facsimile of this Agreement shall be fully binding upon the parties.

12. The law governing this Agreement shall be that of the United States and the State of Florida. In the event of any dispute concerning this Agreement the prevailing party shall be entitled to recover from the non-prevailing party its attorney's fees and costs.

DATE:_____	Signature:_____
                SAMIRA SULLIVAN

DATE: 9/11/07	Signature:_____
                SUZANNE ST. CLAIRE

DATE:_____	Signature:_____
                Authorized Representative of
                LANA MARKS LTD., INC.